[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff claims that the defendant wrongfully discriminated against him by requiring him to take an unpaid leave of absence from his employment with the City of Hartford. The employment relationship was governed by a collective bargaining agreement which, inter alia, provided that no one in a job covered by the agreement could continue in his or her position while at the same time pursuing elected office. The plaintiff here was nominated and ran for state office which brought about the leave of absence referred to before. While the plaintiff claims a right to prosecute this action in this court, the defendant claims through this Motion to Dismiss that the plaintiff has no standing as he has failed to exhaust his administrative remedy of arbitration as required by the terms of the CT Page 685 collective bargaining agreement (Sec. 2.1, Exhibits B and C of Record).
Sec. 2.1. "Any grievance or dispute which may arise between the parties concerning the application, meaning or interpretation of this agreement, unless specifically excluded by this agreement shall be settled in the following manner . . ." Following this provision in the Agreement are the steps required to be pursued, including the resolution of disputes by arbitration.
The plaintiff advances the proposition that since C.G.S. Sec. 2-3(a) prohibits discrimination by employers against candidates for statewide office, his action claiming a violation of this statute is properly brought to this court and is not subject to the collective bargaining agreement.
The court notes that the action of the employer in placing the plaintiff on a leave of absence was authorized and mandated by the provisions of the collective bargaining agreement. Chapter XVI, Sec. 12. Since the Agreement specifically contemplated the circumstances which the plaintiff brought about by acceptance of a nomination as alleged in paragraph 3 of his complaint and since this was a matter which arose out of his employment relationship which was governed by the Agreement, it was subject to arbitration pursuant to the terms of the agreement.
"As a matter of state law, parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court." School Administrators Assn. v. Dow, 200 Conn. 376, 382. Since it is not alleged that the plaintiff has exhausted the remedy afforded to him by the bargaining agreement, the Motion to Dismiss must be granted.
GEORGE W. RIPLEY, J.